IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 20-cr-30044-SMY |
| | ) |
| TYRAN JORDAN, | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Tyran Jordan pleaded guilty to interference with commerce by robbery (Count 1) and carry and use of a firearm during a crime of violence (Count 2). He was sentenced to 157 months' imprisonment on April 29, 2021 (Docs. 31, 33). Now pending before the Court is Jordan's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 40). The Government does not oppose the motion (Doc. 41).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant.  If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a).  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  Here, the parties agree that Jordan is eligible for a reduction under Part A of Amendment 821.

Jordan's total offense level at sentencing was 20 and his criminal history category was II, which yielded a Guideline sentencing range of 37-46 months imprisonment on Count 1; Count 2 carries a mandatory consecutive 120-month sentence which resulted in an effective Guidelines range of 157-166 months imprisonment.  Under Amendment 821, Jordan's criminal history category is reduced to I, resulting in a lowered Guidelines range of 33-41 months on Count 1.[1]

Although Jordan is eligible, the Court finds that the § 3553(a) factors weigh against a sentence reduction.  Jordan has multiple disciplinary infractions while in BOP custody, including bribing a staff member and being insolent to a staff member.  His disciplinary record demonstrates that the original sentence imposed is warranted to deter future criminal conduct and promote a respect for the law.  Accordingly, the motion is **DENIED** (Doc. 40).

   **IT IS SO ORDERED.**

   **DATED: January 18, 2024**

*[signature]*

   **STACI M. YANDLE**
   **United States District Judge**

---

[1] The effective guideline range on Count 2 of 120 months imprisonment remains the same.